Common Pleas Court of Hamilton County.

MARGUERITE LEE V. MABLEY & CAREW CO.

Decided April 15, 1933.

*Cedric Vogel,* for plaintiff.
*LeBlond, M.orrissey, Terry & Gilday,* and *Paul McQueen,*
for defendant.

MATTHEWS, J.

This case comes before the court upon the defendant's demurrer to the petition.

In substance, the plaintiff alleges that the defendant was a contributor to Workmen's Compensation Fund and in violation of Section 12996, General Code, employed and permitted her, a minor under eighteen years of age, to work longer per day and per week than allowed by the statute, in consequence whereof she became physically exhausted and suffered a nervous breakdown resulting in violent nervous attacks with visible outward manifestations.

The demurrer raises the question of whether an employer, who has complied with the Workmen's Compensation Law, is answerable to an employee in this sort of an action.

Section 35, of Article 2, of the Constitution of Ohio, as amended in 1923, effective on January 1, 1924, authorizes the legislature to enact laws establishing a state fund created by compulsory contributions by the employers for the benefit of employees and their dependents, by awarding to

them therefrom compensation "for death, injuries or occupational disease occasioned in the course of such workmen's employment." It is also provided in that section that:

"Such compensation shall be in lieu of all other rights to compensation or damages, for such death, injuries or occupational diseases, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease."

It is further enacted that when the board administering the fund determines, as it is given the power to do, that the death, injury or disease resulted because of a failure by the employer to comply with any specific requirement for the protection of the lives, health or safety of employes, it may add an additional sum to the award, not exceeding fifty per cent of the maximum award established by law. The avowed purpose of this amendment of 1923 was to give the complying employer complete exemption.

The claim of the plaintiff is and must be predicated upon either an injury or occupational disease received in the course of the employment. By the express terms of Section 35, Article 2, a complying employer is exempted from liability to respond in damages for such incidents in the conduct of his business even when caused by the violation of a safety or health statute.

The plaintiff's allegations fall completely within the terms of the Constitution exempting the employer from liability, and therefore states no cause of action.

Whether the plaintiff's claim is compensable under the Workmen's Compensation Act depends upon the plaintiff's ability to comply with the terms of that law. Her right against her employer, in the absence of constitutional and statutory provision, would depend on the same basic fact of some sort of physical harm as is necessary now to establish a claim against the Workmen's Compensation Fund, but the exemption of the employer from liability is not made conditional upon the actual allowance of the claim by the Industrial Commission against the fund.

The demurrer is sustained.